IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CR. NO. 1:06CR304-CSC |
| | ) | |
| CARLOS A. RIOS | ) | |

**ORDER**

Pursuant to the defendant's *Notice of Intent to Change Plea* (Doc. #11) filed on May 1, 2007, it is hereby

**ORDERED** that the defendant's change of plea hearing be and is hereby set for **May 8, 2007** at **10:00 a.m.,** Soldiers Service Center, Building 5700, Fort Rucker, Alabama.

Implicit in the notice of the change of plea is a motion to continue the trial of this case which is set for May 7, 2007. While the granting of a continuance is left to the sound discretion of the court, the Speedy Trial Act places limits on that discretion. *See* 18 U.S.C. § 3161. Under the act, the trial of a defendant must commence within 70 days of the latter of the filing date of the indictment or the date the defendant appeared before a judicial officer, whichever is later. 18 U.S.C. §3161(c)(1). ***See United States v. Vasser***, 916 F.2d 624 (11th Cir. 1990). The Act excludes from this 70-day period any continuance which the judge grants "on the bases of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial". 18 U.S.C. §3161(h) (8) (A). Before granting a continuance, the court

must consider among other factors "[w]hether the failure to grant [the] continuance . . . would be likely to . . . result in a miscarriage of justice."  18 U.S.C. § 3161(h)(8) (B)(I). *See also* **United States v. Davenport**, 935 F.2d 1223, 1229 (11th Cir. 1991).  The court also must consider "whether the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(8)(B)(iv).  The defendant has indicated his desire to resolve this case by means other than a trial; therefore, it is not in the interest of anyone to maintain the present trial schedule.

For these reasons, the court finds that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial, and it is

**ORDERED** that jury selection and the trial of this case be and is hereby **CONTINUED** to July 9, 2007.

Done this 2nd day of May, 2007.

    /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE